SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5264

February 8, 2019

Rodney V. Hitchens
SBI #167546
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

RE:     *State v. Hitchens,*
         Def. ID#86S10105DI (R-6)

Date Submitted: January 14, 2019
Date Decided: February 8, 2019

Dear Mr. Hitchens,

Pending before the Court is the sixth motion for postconviction relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") by Rodney V. Hitchens ("Defendant") in this matter.[1] The motion is summarily dismissed and procedurally barred.

Following a bench trial in 1986, Defendant was found guilty of rape in the first degree, robbery in the first degree, and unlawful imprisonment in the second degree. Defendant received a mandatory sentence of life imprisonment for the rape charge and an additional eight years for the robbery and false imprisonment charges. The Delaware Supreme Court affirmed Defendant's convictions.[2]

---

[1] The motion has been referred to me upon Judge Graves' retirement. In sorting through the file, it became clear that one previous motion was not numbered correctly, throwing off the total count of motions filed in this case. This is, in fact, the sixth motion filed by Mr. Hitchens.

[2] *Hitchens v. State,* 1988 WL 19715 (Del. Feb. 24, 1988).

In December of 1989, Defendant filed his first motion for post conviction relief. That motion was denied on the merits. Defendant filed an appeal with the Delaware Supreme Court that was later withdrawn. Defendant's subsequent motions for postconviction relief have all been denied as procedurally barred.

Defendant filed this extremely untimely Rule 61 Motion on January 14, 2019. He does not assert a retroactively applicable right that was newly recognized after his judgment became final. Pursuant to Rule 61(d)(2), the Court must summarily dismiss Defendant's sixth motion unless Defendant has plead with particularity that new evidence exists that creates a strong inference that he is actually innocent in fact of the acts underlying the charges for which he was convicted or he has plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the conviction invalid.[3]

Defendant alleges he has a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to his conviction. This exception to the procedural bars was contained in

---

[3] Rule 61(d)(2) provides:

(2) *Second or subsequent postconviction motions.* – A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
(i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted;
or
(ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

a previous version of Rule 61. However, review of Defendant's motion is controlled by the verison of Rule 61 in effect on January 14, 2019,[4] and the "integrity" excuse has been removed from the language of Rule 61. Therefore, Defendant's present motion is summarily dismissed under Rule 61(d)(2).

**IT IS SO ORDERED.**

Very truly yours,

Craig A. Karsnitz

oc:    Prothonotary

cc:    Department of Justice
      Public Defender's Office

---

[4] *Collins v. State*, 2015 WL 4717524, at *1 (Del. Aug. 6, 2015).